UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA MCCABE,

        Plaintiff,

v.

        Case No. 23-cv-459-pp

TIRE WEB, LLC,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S FEE PETITION (DKT. NO. 16), AWARDING ATTORNEY'S FEES AND DISMISSING CASE**

---

On September 11, 2024, the court granted default judgment in favor of the plaintiff. Dkt. No. 14. The court ordered that within thirty days, the plaintiff must file an attorney's fee petition with supporting documentation. Id. at 18–19. The plaintiff did so on October 11, 2024. Dkt. No. 16. The court will grant the plaintiff's motion and award the plaintiff $21,474.50 in attorney's fees and costs.

**I.    Background**

On April 8, 2023, the plaintiff filed a complaint alleging that the defendant had violated Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §12181 *et seq.*, because the website onlinetires.com is not formatted to allow a legally blind customer like the plaintiff to access its content. Dkt. No. 1. The plaintiff sought injunctive and declaratory relief in addition to attorney's fees and costs. Id. at 15–16. The defendant never appeared, and in February

1

2024 the plaintiff moved for default judgment. Dkt. No. 12. The court granted that motion and issued a permanent injunction directing the defendant to bring onlinetires.com into compliance with the ADA. Dkt. Nos. 14 at 19; 15. The court determined that the plaintiff could recover costs and reasonable attorney's fees under the ADA. Dkt. No. 14 at 18 (citing Lange v. City of Oconto, 28 F.4th 825, 848–49 (7th Cir. 2022)).

The plaintiff filed a motion for attorney's fees and costs, dkt. no. 16, supported by a brief, dkt. no. 17, and an affidavit from the plaintiff's attorney, Alison Bernal, dkt. no. 16-1. The plaintiff argues that the court should award attorney's fees based on the "lodestar" method of calculating a presumptively reasonable fee, considering "the lawyer's experience in the field, the lawyer's skill, the novelty and difficulty of the issues, the reputation of the lawyer, and the nature of the case," among other factors. Dkt. No. 17 at 6–7. She argues that the attorney's billing rate is "presumptively appropriate" to use in determining the market rate for the services rendered. Id. at 7 (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993)). The plaintiff asserts that a defendant's failure to present evidence that a lower rate is appropriate is "a concession that the attorney's billing rate is reasonable and should be awarded." Id. (citing Gusman, 986 F.2d at 1151).

The plaintiff's counsel states that her hourly rate for this case is $750, reduced from her normal hourly rate of $800 "due to the differing jurisdiction, the complexity of the case, and the stage of the litigation." Dkt. No. 16-1 at ¶6. Counsel states that she has substantial experience in ADA litigation, including

2

Case 2:23-cv-00459-PP    Filed 12/26/24    Page 2 of 7    Document 18

class actions, and that the $750 hourly rate for her firm was previously approved by this court in Walden v. EYM Grp. Inc., Case No. 21-cv-1116-pp, Dkt. No. 31[1] (E.D. Wis. Jan. 9, 2023). Id. at ¶¶7, 14; Dkt. No. 17 at 8. The plaintiff also cites cases in this and other districts where courts have approved the same or higher rates for her firm. Dkt. No. 17 at 8 (collecting cases).

The plaintiff argues that the court should award attorney's fees because she successfully obtained her requested relief—an injunction—against the defendant.[2] Id. at 10–11. She argues that litigation costs, including process server fees and filing fees, are properly recoverable in an ADA case. Id. at 12 (citing 42 U.S.C. §12205).

Counsel asserts that she and two paralegals at her firm spent a total of 31.3 hours on this case (excluding the time spent drafting the instant fee petition) and provides detailed time records. Id.; Dkt. No. 16-1 at ¶13. She requests a total of $21,450 in attorney's fees at a rate of $750 an hour for counsel and $300 an hour for paralegals. Dkt. No. 17 at 12. Counsel also requests costs of $587, including process server fees and the filing fee, for a total award of $22,037. Id. at 12–13; Dkt. No. 16-1 at 9.

---

[1] The firm's hourly rate for partners is listed in Dkt. No. 25.

[2] The plaintiff's brief quotes the requested injunctive relief sought in the complaint. Dkt. No. 17 at 10–11. The *actual* injunction the court issued is at Dkt. No. 15, and it differs substantially from the plaintiff's requested injunction in that it does not require the defendant to retain any sort of consultant or take any specific actions to bring its website into compliance with the ADA.

3

## II. Analysis

### A. Standard

To determine the amount of an award of attorney's fees, the court uses the "lodestar" method, in which it multiplies "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639 (7th Cir. 2011) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "When calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered." Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003). While "[t]he fee applicant bears the burden of 'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community,'" Pickett, 664 F.3d 640 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)), "[t]he best evidence of an attorney's market rate is his or her actual billing rate for similar work," Johnson v. GDF, Inc., 668 F.3d 927, 933 (7th Cir. 2012). "If the fee applicant satisfies their burden, the burden shifts to the other party to offer evidence that sets forth 'a good reason why a lower rate is essential.'" Pickett, 664 F.3d at 640 (quoting People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1313 (7th Cir. 1996)). "Once the district court has established the lodestar, the court may adjust it to account for factors not subsumed by the lodestar calculations." Id.

### B. Application

The plaintiff cited several cases in which courts found her counsel's requested hourly rate to be within the range of reasonableness. Dkt. No. 17 at

4

8 (citing Kouri v. Federal Express Corp., Case No. 21-cv-08066, Dkt. No. 70 (C.D. Cal. July 25, 2023); Walden v. EYM Grp. Inc., Case No. 21-cv-1116, Dkt. Nos. 25, 31 (E.D. Wis. Jan. 9, 2023); Schmitt v. Younique, LLC, Case No. 17-cv-01397, Dkt. No. 163 (C.D. Cal. Apr. 9, 2024)). These are class action cases, arguably more complex than a single-plaintiff ADA case—especially one resolved at the default judgment stage. Two of the three cases cited were from California; it is reasonable to assume that the prevailing market rates for attorneys in California are higher than those in Wisconsin. And in the Wisconsin case, this court awarded the attorney's fees at the hourly rates requested by the plaintiff's counsel as a sanction for discovery violations. These cases are not particularly helpful.

More helpful is McCabe v. Heid Music Co., Inc., Case No. 23-CV-1215-JPS, 2024 WL 2815321, at *2 (E.D. Wis. June 3, 2024), in which Judge Stadtmueller of this district found that plaintiff's counsel's rate of $750 an hour was reasonable in an ADA case resolved by default judgment. Judge Stadtmueller reasoned that $750 an hour was reasonable because plaintiff's counsel averred via affidavit that $750 an hour was the firm's actual billing rate in that case and the defendant did not appear in the case to contest it. Id.

The court agrees with this approach. "Once an attorney provides evidence of [her] billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" People Who Care, 90 F.3d at 1313 (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1151 (7th Cir. 1993)). "A defendant's failure to do so is essentially a concession that

5

the attorney's billing rate is reasonable and should be awarded." Id. Because the plaintiff has presented evidence of her firm's billing rate and the defendant did not oppose it, the court finds that $750 an hour is a reasonable rate.

But the plaintiff's counsel has not supported her request for an hourly rate of $300 for paralegals. She did not state in the affidavit whether $300 an hour is the firm's actual billing rate for paralegal work, nor does she cite to cases where a court has determined that that rate for paralegal work is reasonable. "The party seeking a fee award bears the burden of establishing the market rate for the work; if the lawyers fail to carry that burden, the district court can independently determine the appropriate rate." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014); see also Heid Music, 2024 WL 2815321, at *2–3 (determining that plaintiff's counsel did not adequately support the request for a $300 hourly rate for paralegal work and identifying a lower rate as reasonable).

The prevailing rate for paralegal work in this circuit is closer to $100 an hour. Heid Music, 2024 WL 2815321, at *2 (collecting cases). The time records submitted in this case show that the paralegals performed tasks typically assigned to a paralegal, such as proofreading and coordinating service of process, but also performed some more complex tasks, such as preparing drafts of legal documents. Dkt. No. 16-1 at ¶13. A higher-than-average rate for paralegal work is reasonable in this case given the work these paralegals performed. See Heid Music, 2024 WL 2815321, at *3 (citing Six Star Holdings, LLC v. City of Milwaukee, No. 10-C-0893, 2015 WL 5821441, at *5 (E.D. Wis.

6

Oct. 5, 2015)). The court finds that $175 an hour is a reasonable rate for the paralegal work in this case.

The number of hours expended is reasonable. Counsel spent 26.8 hours of attorney time on this case, with an additional 4.5 hours of paralegal time. Dkt. No. 16-1 at ¶13. Nothing in the time logs provided strikes the court as "excessive, redundant, or otherwise unnecessary." Johnson, 668 F.3d at 931. Given the lack of opposition from the defendant, the court will not make any changes to the number of hours expended in the litigation.

The court will award the plaintiff attorney's fees including 4.5 hours of paralegal time at $175 per hour and 26.8 hours of partner time at $750 per hour, equaling $20,887.50. The court will also award the plaintiff $587 in costs as expressly authorized by the ADA, 42 U.S.C. §12205, for a total award of $21,474.50.

### III. Conclusion

The court **GRANTS** the plaintiff's fee petition. Dkt. No. 16. The court **AWARDS** the plaintiff $21,474.50 in attorneys' fees and costs.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of December, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**